UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

In Re:                                                Case No: **19-40445-JJR-7**

**Lawanda Deshawn Siders**

        Debtor,

| | |
|---|---|
| **Lawanda Deshawn Siders** ) | |
| ) | **Adversary Proceeding** |
|       **Plaintiff,** ) | No. 19-    -JJR |
| ) | |
| v. ) | |
| ) | |
| **The Bank of Missouri and Continental** ) | |
| **Finance Company, LLC.** ) | |
| ) | |
| ) | |
|       **Defendants.** ) | |

<u>**COMPLAINT SEEKING DECLARATORY JUDGMENT, A FINDING OF CONTEMPT AND DAMAGES IN CORE ADVERSARY PROCEEDING**</u>

      **COMES NOW** the Plaintiff, Lawanda Deshawn Siders, by and through counsel, in the above-styled bankruptcy case, and prays this Honorable Court, through its powers, will issue a declaratory judgment finding that the Defendants have willfully violated the provisions of Section 362 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq*, find the Defendants to be in contempt of this Court's automatic stay, award damages on behalf of the Plaintiff and against the Defendants for such violations and contempt and for the other wrongful actions more fully described below. In support of this complaint, the Plaintiff state as follows:

**INTRODUCTION**

1.    This is an action for actual and punitive damages filed by the Debtor pursuant to Sections 105, 502 and 362 of the Bankruptcy Code. This complaint relates to the Defendants' willful violation of the injunctive provisions of Section 362 of the United States Bankruptcy Code.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code and Section 157(b)(2) of Title 28 of the United States Code.

3. This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding, then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

4. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## PARTIES

5. The Plaintiff, Lawanda Deshawn Siders, is a natural person and the Debtor under Chapter 7 of Title 11 of the United States Code in case number 19-40445-JJR-7. The Plaintiff is hereinafter referred to as the Plaintiff or the Debtor.

6. The Defendant, The Bank of Missouri, is upon information and belief the issuer of Verve Mastercard, which is serviced by its agent, Defendant Continental Finance Company, operating from an address of 916 North Kings Highway, Perryville, MO 63775, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). The CEO of The Bank of Missouri is Adrian Breen whose mailing address, pursuant to the Missouri Secretary of State's Office, is 18 W. Ste. Maries, Perryville, MO 63775.

7. The Defendant, Continental Finance Company, is upon information and belief the servicer of Verve Mastercard, which is issued by its principal, Defendant The Bank of Missouri, operating from an address of 4550 New Linden Hill Road, Ste. 400, Wilmington, DE 19808, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). The President of Continental Finance Company, LLC is Steve McSorley whose mailing address purports to be 4550 New Linden Hill Road, Ste. 400, Wilmington, DE 19808.

## FACTUAL ALLEGATIONS

8. The above-styled bankruptcy case was filed in good faith in the Northern District of Alabama, Eastern Division, on March 15, 2019, for the purpose of receiving relief under Chapter 7 of the United States Bankruptcy Code. (*See Exhibit A*). Consequently, an order of relief was entered in the above-styled case on the same day, pursuant to 11 U.S.C. § 301, thus triggering an automatic stay, pursuant to 11 U.S.C. § 362(a), of all debt collection efforts against the Debtor.

9. Continental Finance Company, was listed in the Debtor's schedules as an unsecured creditor in this case. (*See Exhibit B*)

10. On or about March 28, 2019, the Plaintiff received a collection notice regarding Verve Mastercard, issued by The Bank of Missouri and serviced by Continental Finance Company, LLC, stating she had a balance due of $892.74 and a past due amount of $35.00. (*See Exhibit C*).

11. On or about May 6, 2019, the Plaintiff received a collection notice regarding Verve

Page **3** of **6**

Case 19-40019-JJR    Doc 1    Filed 06/06/19    Entered 06/06/19 15:50:16    Desc Main
Document    Page 3 of 6

Mastercard, issued by The Bank of Missouri and serviced by Continental Finance Company, LLC, stating she had a balance due of $963.73 and a past due amount of $98.00. (*See Exhibit D*).

12. The Plaintiff has been harassed and damaged by the Defendants in that she has been forced to expend her time and expense toward the defense of these claims. Additionally, the Plaintiff alleges that the Defendants at all times relevant to the allegations in this complaint knew that she was represented by an attorney in connection with her bankruptcy filing and that the underlying debt purportedly owed by the Plaintiff was in fact a "consumer debt" as that term is defined by applicable Federal and State statutes.

13. The Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3). The Defendants are engaged in the business of collection of debts from consumers using the bankruptcy courts and appear in numerous bankruptcy cases in the U.S. Pacer system. The Defendants are a "debt collectors" as defined by FDCPA, 15 U.S.C. § 1692a(6).

14. Under the provisions of the FDCPA, the Defendants are prohibited from falsely representing the character, amount, or legal status of any debt by FDCPA § 1692e(2)(A). The Defendants represented to the Plaintiff that this was a valid debt for collection when it was listed in a pending bankruptcy, said representation being a violation of FDCPA § 1692e(2)(A).

15. The Defendant also violated the Court's injunction against attempted collection of debts during the pendency of the bankruptcy proceeding and has demonstrated contempt for this Court's Order and this should be considered by the Court as a reason to award punitive damages, considering Defendants' extensive appearances within the bankruptcy court

Page **4** of **6**

Case 19-40019-JJR    Doc 1    Filed 06/06/19    Entered 06/06/19 15:50:16    Desc Main
Document    Page 4 of 6

system.

16. Defendants' violation of the injunction has caused Plaintiff damages in the form of emotional distress, statutory damages, attorney fees and costs.

17. The Plaintiff does not seek relief <u>in this Adversary Proceeding</u> for violation of the FDCPA but alleges that the violations of the non-bankruptcy laws justify and enhance the necessity for the awards of substantial and significant punitive damages in this case.

## CLAIM FOR RELIEF
## VIOLATION OF THE AUTOMATIC STAY

18. The allegations in paragraphs 1 through 17 of this complaint are realleged and incorporated herein by this reference.

19. The Plaintiff is informed and believes and therefore alleges that the actions of the Defendants constitute a gross and willful violation of the automatic stay as set forth in 11 U.S.C. Section 362 and confirmed by this Court by the Notice of Chapter 7 Bankruptcy Case entered in this case.

20. The Plaintiff is informed and believes and therefore alleges that the Defendants are seeking to recover money from her for which they have no legal right or claim and that such act or actions constitute unlawful and illegal acts in violation of the automatic stay in bankruptcy.

21. Defendants' violation of the automatic stay in bankruptcy issued has caused the Plaintiff damages in the form of emotional distress, attorney fees and costs.

22. As a result of the above violations of 11 U.S.C. Section 362, Plaintiff asks this Court to issue a Declaratory Judgment that the Defendants are in contempt of the automatic stay in bankruptcy entered by this Court.

23. Also as a result of the above violations of 11 U.S.C. Section 362, the Defendants are liable

to the Plaintiff for actual damages, punitive damages and legal fees in an amount to be determined by this Court under Section 105 of Title 11.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff having set forth her claims for relief against the Defendants respectfully prays of the Court as follows:

- A. That the Plaintiff have and recover against the Defendants a sum to be determined by the Court in the form of actual damages;
- B. That the Plaintiff have and recover against the Defendants a sum to be determined by the Court in the form of punitive damages;
- C. That the Plaintiff have and recover against the Defendants all reasonable legal fees and expenses incurred by her attorney;
- D. That the underlying debt be forever canceled and discharged; and
- E. That the Plaintiff have such other and further relief as the Court may deem just and proper.

Respectfully submitted this 6th day of June, 2019.

/s/ Carla M. Handy
Carla M. Handy, Attorney for Debtor
Bond, Botes, & Handy, P.C.
P.O. Box 948
Gadsden, Alabama 35902
Telephone: (256) 485-0195

Page **6** of **6**

Case 19-40019-JJR    Doc 1    Filed 06/06/19    Entered 06/06/19 15:50:16    Desc Main
Document      Page 6 of 6